UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LISA JOHNSON,<br><br>            Plaintiff,<br><br>     v.<br><br>M.A.C. COSMETICS INC., ELC BEAUTY LLC, THE ESTEE LAUDER COMPANIES INC., ESTEE LAUDER INC., SHAUNA A. PADILLA, ZABRINA GRAND, SARAH RICHIE, and DOES 1 through 20, inclusive,<br><br>            Defendants. | No. 2:25-cv-02917 WBS SCR<br><br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND |

----oo0oo----

Plaintiff filed the present action in the Sacramento County Superior Court; she alleges various causes of action under California's Fair Employment and Housing Act arising from her employment with defendants.  (See Docket No. 11-1 at 2.)

Shortly thereafter, defendants filed a notice of removal, in which they argue that the individual defendants in this action were fraudulently joined to destroy diversity

jurisdiction (see Docket No. 1 at 8-13), which plaintiff disputes (see Docket No. 11-1 at 8-11).

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil actions in which the parties are completely diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[1]  28 U.S.C. § 1332(a).

The requirement of complete diversity is satisfied "only" when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Plaintiff's complaint provides that there is complete diversity between herself and the corporate entity defendants.  (See Docket No. 1-1 at 109.)  But complete diversity does not exist between plaintiff, who is a California citizen (see id.), and individual defendants Graham and Richie, who are also California citizens (see id. at 110).  See Caterpillar, 519 U.S. at 68.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018).

---

[1]   Plaintiff concedes that the amount in controversy exceeds $75,000.  (Docket No. 11-1 at 3.)

2

"[T]here are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (quotations omitted). "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory."  Pool v. F. Hoffman-La Roche, Ltd., 386 F. Supp. 3d 1202, 1209 (N.D. Cal. 2019) (citation modified).  Put differently, a defendant must show that there is no "possibility that a state court would find that the complaint states a cause of action against any of the [in-state] defendants," which may be the case where that defendant "presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant[s]."  Grancare LLC, 889 F. 3d at 548 (citation modified).

Resolution of whether Graham and Richey were fraudulently joined turns on one issue:  whether it is possible that they may be held liable under Cal. Lab. Code § 558.1 ("Section 558.1"), which "allows plaintiffs to hold a[] ' . . . person acting on behalf of an employer' directly liable for certain wage-and-hour violations," Russo v. Fed. Med. Servs., Inc., 793 F. Supp. 3d 1121, 1138 (N.D. Cal. 2025).  (See Docket Nos. 12 at 2; 11-1 at 7.)  Individual liability under Section 558.1 is restricted to employees who are "owner[s], director[s], officer[s], or managing agent[s] of the employer," where "the

3

term 'managing agent' has the same meaning as in" Cal. Civ. Code § 3294(b).  Cal. Lab. Code § 558.1(b).  To be held liable, an employee must also have "violate[d], or cause[] to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violate[d], or cause[] to be violated," certain, other sections of California's Labor Code.  Id. § 558.1(a).[2]

Neither party contends that Graham or Richey are owners, directors, or officers of the corporate entity defendants.  Rather, the parties contest whether Graham or Richey are "managing agents" of those defendants.  The California Supreme Court, in giving effect to the California Legislature's intent, has narrowly interpreted the term "managing agent" to mean "those employees who exercise substantial independent authority and judgment over decisions that ultimately determine corporate policy."  White v. Ultramar, Inc., 21 Cal. 4th 563, 573, 981 P.2d 944, 951 (1999).  "A later decision" of the California Supreme Court "clarified that Ultramar was referring to formal policies that affect a substantial portion of the company and that are of the type likely to come to the attention of corporate leadership ... such that they justify punishing an entire company for an otherwise isolated act of oppression,

---

[2]  At oral argument, plaintiff's counsel seemed to argue that individual liability may attach if an employee was a managing agent or violated or caused to be violated the relevant sections of the California Labor Code.  But the California Labor Code unambiguously provides that, for individual liability to attach, an employee must be a managing agent and have violated or caused to have been violated the relevant sections of that code.  Cal. Lab. Code §§ 558.1(a), (b).

4

fraud, or malice." Soto v. Thermo Fisher Sci. (Asheville LLC), No. 24-cv-02997 WHA, 2024 WL 3834194, at *2 (N.D. Cal. Aug. 15, 2024) (citation modified).

Graham's declaration unequivocally provides that, in her role as a Director of Field Sales, she "did not set company-wide policies or handle/oversee payroll"; lacked "authority or discretion to create, modify, or approve company-wide policies relating [to] any wage-and-hour practices"; was "[a]t no point . . . invited to provide input" regarding corporate policies; and did not possess final authority to determine employees' "pay, raises, or bonuses." (Docket No. 12-2 at 2-3.)

Richey's declaration likewise unequivocally establishes that, in her role as a Field Executive Sales Manager, she "did not set company-wide policies, manage payroll, or make executive-level decisions"; and lacked "authority to determine or set policies relating to wage and hour [issues], equal employment/anti-discrimination and harassment, payroll practices, employee classifications, or compensation structure." (Docket No. 12-3 at 2-3.)

Defendants have also provided a declaration by Morgan Bridges, a "Human Resources Manager" with "access to [employees'] personnel files"; Bridges attests that Graham and Richie's "responsibilities were strictly limited to enforcing existing policies and managing general day-to-day business operations, including marketing and sales execution, people management, and escalating issues outside their scope to Human Resources or corporate leadership." (Docket No. 12-1 at 2-3.)

5

Plaintiff nowhere contests the accuracy or veracity of these declarations.   (See Docket Nos. 11-1, 15.)   Instead, she offers repeated, conclusory assertions that Graham and Richey occupied "supervisory roles with extensive authority" that render them "managing agents" under Section 558.1.  (Docket No. 15 at 9.)  Plaintiff's "ipse dixit . . . . legal conclusions," Soto, 2024 WL 3834194, at *2, flout Ultramar's instruction that "mere supervisory status" is insufficient to establish "managing agent status," 21 Cal. 4th 563 at 575.

Defendants have thus demonstrated that there is no "possibility of recovery" against Graham or Richey.  Grancare, 889 F. 3d at 549.  Therefore, the court must disregard these individuals' citizenship when determining whether complete diversity exists.  See Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914).  The court must also disregard the citizenship of the Doe defendants when determining whether complete diversity exists.  See 28 U.S.C. § 1441(b)(1).  There being complete diversity between plaintiff and the remaining defendants, the court will accordingly deny plaintiff's motion to remand.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 11) be, and the same hereby is, DENIED.

Dated:  March 3, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6